```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
In re:                                                               Case No. 17-01590-JJT
Alix Barthelemy
Claire-lise Menard Barthelemy                                        Chapter 13
        Debtors
                              CERTIFICATE OF NOTICE
District/off: 0314-5          User: DDunbar              Page 1 of 2         Date Rcvd: Jun 07, 2017
                              Form ID: pdf002            Total Noticed: 19


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 09, 2017.
db/jdb        +Alix Barthelemy,   Claire-lise Menard Barthelemy,   265 High Ridge Road,
                Dingmans Ferry, PA 18328-4012
4910581       +CAPITAL ONE,   PO BOX 30281,   SALT LAKE CITY, UT 84130-0281
4910582        CHASE,   CARDMEMBER SERVICE,   PO BOX 15548,   WILMINGTON, DE 19886-5548
4910583       +CLAIRE S. BARTHELEMY,   265 HIGH RIDGE ROAD,   DINGMANS FERRY, PA 18328-4012
4910584       +COMPUCREDIT CORP/ASPIRE,   PO BOX 105555,   ATLANTA, GA 30348-5555
4910585       +ED FINANCIAL SERVICES,   120 N SEVEN OAKS DRIVE,   KNOXVILLE, TN 37922-2359
4918553       +Edfinancial on behalf of US Dept. of Education,   120 N. Seven Oaks Dr.,
                Knoxville, TN 37922-2359
4910586       +FIDELITY INVESTMENTS INSTITUTIONAL,   OPERATIONS COMPANY INC,   82 DEVONSHIRE STREET,
                BOSTON, MA 02109-3605
4910587       +GREAT LAKES HIGHER EDUCATION,   PO BOX 7860,   MADISON, WI 53707-7860
4910588       +IRONBOUND AMBULANCE SQUAD,   PO BOX 949,   MATAWAN, NJ 07747-0949
4910589      ++METROPOLITAN EDISON COMPANY,   BANKRUPTCY DEPARTMENT,   331 NEWMAN SPRINGS ROAD,   BUILDING 3,
                RED BANK NJ 07701-5688
               (address filed with court: MET-ED,   PO BOX 16001,   READING, PA 19612)
4910590       +NEPA COMMUNITY FCU,   337 CLAY AVENYE,   STROUDSBURG, PA 18360-1288
4910591       +PHELAN HALLINAN DIAMOND JONES,   1617 JFK BLVD SUITE 1400,   ONE PENN CENTER PLAZA,
                PHILADELPHIA, PA 19103-1823
4910592        SECRETARY OF HOUSING AND,   URBAN DEVELOPMENT,   451 SEVENTH STREET SOUTHWEST,
                WASHINGTON, DC 20410-8000
4910593      ++TOYOTA MOTOR CREDIT CORPORATION,   PO BOX 8026,   CEDAR RAPIDS IA 52408-8026
               (address filed with court: TOYOTA FINANCIAL SERVICES,   ASSET PROTECTION DEPT,   PO BOX 2958,
                TORRANCE, CA 90509-2958)
4919136       +Toyota Lease Trust,   c/o Toyota Motor Credit Corporation,   PO Box 9013,
                Addison, Texas 75001-9013
4916204        WELLS FARGO BANK, N.A.,   DEFAULT DOCUMENT PROCESSING,   MAC# N9286-01Y,
                1000 BLUE GENTIAN ROAD,   EAGAN,MN,55121-7700
4910595       +WELLS FARGO HOME MORTGAGE,   PO BOX 10335,   DES MOINES, IA 50306-0335
4910596       +WILD ACRES LAKES POA,   116 WILD ACRES DRIVE,   DINGMANS FERRY, PA 18328-4058
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                         TOTAL: 0

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4910594*     ++TOYOTA MOTOR CREDIT CORPORATION,   PO BOX 8026,   CEDAR RAPIDS IA 52408-8026
               (address filed with court: TOYOTA MOTOR CREDIT,   4 GATEHALL DR STE 350,
                PARSIPPANY, NJ 07054)
4918788*       Wells Fargo Bank, N.A.,   Default Document Processing,   MAC# N9286-01Y,
                1000 Blue Gentian Road,   Eagan, MN, 55121-7700
                                                                                   TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 09, 2017                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 7, 2017 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor    Toyota Lease Trust bkgroup@kmllawgroup.com
              Thomas Song    on behalf of Creditor    Wells Fargo Bank, NA thomas.song@phelanhallinan.com,
                tomysong@hotmail.com
```

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
              Vincent   Rubino    on behalf of Joint Debtor Claire-lise Menard Barthelemy
               epotito@newmanwilliams.com;lhochmuth@newmanwilliams.com;mdaniels@newmanwilliams.com;bsmale@newman
               williams.com;eapotito@hotmail.com;vsmith@newmanwilliams.com
              Vincent   Rubino    on behalf of Debtor Alix   Barthelemy
               epotito@newmanwilliams.com;lhochmuth@newmanwilliams.com;mdaniels@newmanwilliams.com;bsmale@newman
               williams.com;eapotito@hotmail.com;vsmith@newmanwilliams.com
                                                                                             TOTAL: 6
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| ALIX BARTHELEMY and | : | CASE NO. 5:17-01590 |
| CLAIRE-LISE MENARD BARTHELEMY, | : | |
| aka CLERLISE BARTHELEMY, | : | CHAPTER 13 PLAN |
| aka CLAIRE-LISE M. BARTHELEMY, | : | |
| aka CLAIRE-LISE BARTHELEMEY, | : | [2] # MOTIONS TO AVOID LIENS |
| aka CLAIRELISE MENARD BARTHELEMY, | : | |
| | : | [2] # MOTIONS TO VALUE COLLATERAL |
| DEBTOR(S) | : | |
| | : | [ ] ORIGINAL PLAN |
| | : | |
| | : | [1st] AMENDED PLAN |
| | : | (Indicate 1st, 2nd, 3rd, etc.) |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

### PLAN PROVISIONS

**DISCHARGE:** (Check one)

[X] The debtor(s) will seek a discharge of debts pursuant to Section 1328(a).

[ ] The debtor(s) is/are not eligible for a discharge of debts because the debtor(s) has/have previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

[X] This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in the Section 8 of this plan. *Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.*

1. **PLAN FUNDING AND LENGTH OF PLAN**

   A. Plan Payments

   1. To date, the Debtor(s) has paid $0.00 *(enter $0 if no payments have been made to Trustee to date)*. Debtor(s) shall pay the Trustee for the remaining term of the Plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is **$30,000.00,** plus other payments and property stated in Paragraph B below:

      | Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
      |---|---|---|---|---|
      | **5/17** | **4/22** | **$500.00** | **N/A** | **$30,000.00** |
      |  |  |  |  |  |
      |  |  |  |  |  |
      |  |  |  |  |  |
      |  |  |  |  | **$30,000.00** |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

   3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

   4. CHECK ONE:   ( X )   Debtor(s) is at or under median income.

      (  )   Debtor(s) is over median income. Debtor(s) calculates that a minimum of $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

   B. Liquidation of Assets

   1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

   2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

   3. The Debtor estimates that the liquidation value of this estate is $_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2

2. **SECURED CLAIMS**

   A. <u>Pre-Confirmation Distributions</u>.  Adequate protection and conduit payments in the following amounts will be paid by the Debtor(s) to the Trustee.  The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| | | | $ |
| | | | $ |

The Trustee will not make a partial payment.  If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim of this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans.  If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

   B. <u>Mortgages and Other Direct Payments by Debtor(s)</u>.  Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained.  All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| Wells Fargo Home Mortgage | 1st mortgage on Debtors' home | $849.00 | $118,978.19 |
| Toyota Financial Services | Auto loan on 2016 Toyota Rav4 | $529.98 | $25,006.00 |

   C. <u>Arrears</u>.  The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below.  If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Wells Fargo Home Mortgage | 1st mortgage on Debtors' home | $17,749.87 | $0.00 | $17,749.87 |
| | | $ | $ | $ |

3

D. <u>Secured Claims Paid According to Modified Terms</u>.  These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge.  The excess of the creditor's claim will be treated as an unsecured claim.  Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim.  THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| **Secretary/HUD** | **Subordinate Mortgage on Debtors' home** | **Zero** | N/A | **Zero** | **Plan** |
| **Wild Acres Lakes POA** | **POA dues on Debtors' home** | **$4,400.00** | 0.00 | **$4,400.00** | **Plan** |

**\* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSE TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN.  CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a).  NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE.  IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN.  OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

E. <u>Other Secured Claims</u>.  (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
|  |  | $ | % | $ |

F. <u>Surrender of Collateral</u>.  Debtor(s) surrenders the following assets to secured creditors.  Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered.  This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |

G. <u>Lien Avoidance</u>.  The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) *(this section should not be used for statutory or consensual liens such as mortgages)*:

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |

**THE DEBTOR(S) PROPOSES TO AVOID THE JUDICIAL LIEN OF THE CREDITOR(S) IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION AND ALLOWANCE OF EXEMPTIONS PURSUANT TO § 522(f). NO ADVERSARY COMPLAINT OR**

4

Case 5:17-bk-01590-JJT    Doc 19    Filed 06/01/17    Entered 06/01/17 11:41:56    Desc
Main Document    Page 4 of 8
Case 5:17-bk-01590-JJT    Doc 25    Filed 06/09/17    Entered 06/10/17 00:52:36    Desc
Imaged Certificate of Notice    Page 6 of 10

MOTION WILL BE FILED AND THE JUDICIAL LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR(S) WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR(S) MUST FILE A TIMELY OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.

H. <u>Optional provisions regarding duties of certain mortgage holders and servicers</u>. Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. *(Check if applicable)*
(X) Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:
(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrerages.
(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan, for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.
(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**

   A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under paragraph 8:

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
|  |  |

   B. Administrative Claims:
   (1) Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

   (2) Attorney fees. Check one box:

   ☒ In addition to the retainer of **$750.00** already paid by the Debtor, the amount of **$3,250.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2; or

   ☐ $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court.

   (3) Other administrative claims.

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
|  | $ |

5

4. **UNSECURED CLAIMS**

    A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
|  |  | $ | % | $ |

    B. <u>Claims of General Unsecured Creditors</u>. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment in Plan | Assume/Reject |
|---|---|---|---|---|---|---|
| Toyota Lease Trust | 2016 Scion IA | Paid by Debtors' daughter | N/A | $ 0.00 | $0.00 | Assume |
|  |  | $ | % | $ | $ |  |

6. **REVESTING OF PROPERTY: (Check One)**

    ☐ Property of the estate will vest in the debtor(s) upon confirmation. *(Not to be used with paragraph 2H)*.

    ☒ Property of the estate will vest in the debtor(s) upon closing of the case.

7. **STUDENT LOAN PROVISIONS**:

    A. <u>Student loan provisions</u>. This plan does not seek to discharge student loan(s) except as follows:

    *(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)*

| Name of Creditor | Monthly Payments | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
|  | $ | % | $ | $ |

8. **OTHER PLAN PROVISIONS**

   Include the additional provisions below or on an attachment. *(NOTE: The Plan and any attachment must be filed as one document, not as a plan and exhibit.)*

   a.  (i)  The <u>second</u> lien position mortgage of **Secretary/HUD**, its successors, predecessors and assigns, hereinafter referred to as "Lender", is being avoided via this Plan.

   (ii)  Confirmation of this Plan shall constitute a finding that for purposes of this bankruptcy case and all matters relevant thereto the value of the real property known as **265 High Ridge Road, Dingmans Ferry, PA 18328, aka Lot 11, Block W-1504, Section 15, Wild Acres, Delaware Township, PA**, and the Deed for this property having been recorded with the Recorder of Deeds in and for Pike County, Pennsylvania at Pike County Deed Book Volume **2068**, Page **1**, hereinafter referred to as the "Property", is **$99,868.00**. Documentation verifying this value is or will be filed of record with this Court.

   (iii)  Upon confirmation of this Plan the entire balance owed to Lender shall be deemed a general unsecured claim without further Order of this Court, provided that:
   (A)  Lender's claim, upon the filing of a valid and timely Proof of Claim, shall be allowed as a non-priority general unsecured claim and may share in any distribution to general unsecured creditors.
   (B)  The avoidance of Lender's junior lien is contingent upon the Debtor's completion of the Chapter 13 Plan and receipt of a Chapter 13 Discharge.
   (C)  Upon receipt of the Debtors' Chapter 13 discharge and completion of Debtors' Chapter 13 Plan, Lender shall within a reasonable time arrange to have the second lien position mortgage marked "satisfied" with the Monroe County Recorder of Deeds'
   (D)  Lender shall retain its lien for the full amount due under the subject loan should the property be sold or should a refinance take place prior to the completion of the Chapter 13 Plan and entry of a Discharge.
   (E)  Lender shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the case to another Chapter under the United States Bankruptcy Code.
   (F)  In the event that any entity, including the holder of the first lien on the Property, forecloses on its security interest and extinguishes Lender's lien prior to the Debtor's completion of the Chapter 13 Plan and receipt of a Chapter 13 Discharge, Lender's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.
   (G)  In the event that the property is destroyed or damaged, pursuant to the terms of the mortgage, Lender is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage.
   (H)  Each party shall bear their own attorneys' fees and costs incurred in this matter.

   (iv)  The Confirmation Order and Discharge Order may be filed with the Recorder of Deeds in and for Pike County, Pennsylvania, which shall satisfy and avoid the mortgage held by Lender against the Property, as recorded at Pike County Record Book Volume **2449**, Page **229**.

7

9. **ORDER OF DISTRIBUTION**

   Payments from the plan will be made by the trustee in the following order:

   | Level 1 | Adequate protection payments | $ -0- | |
   |---|---|---|---|
   | Level 2 | Debtor's attorney's fees. | $ 3,250.00 | |
   | Level 3 | Domestic Support Obligations | $ -0- | |
   | Level 4 | Priority claims, pro rata | $ -0- | |
   | Level 5 | Secured claims, pro rata | $22,149.87 | |
   | Level 6 | Specially classified unsecured claims | $ -0- | |
   | Level 7 | General unsecured claims | $ 1,872.86 | |
   | Level 8 | Untimely filed unsecured claims to which the debtor(s) has/have not objected. | $ -0- | |
   | | Subtotal | | $27,272.73 |
   | | Trustee Commission | $ 2,727.27 | |
   | | Total | | $30,000.00 |

   If the above Levels are not filled in, then the order of distribution of plan payments will be determined by the trustee using the following as a guide

   Level 1:   Adequate protection payments.
   Level 2:   Debtor's attorney's fees.
   Level 3:   Domestic Support Obligations.
   Level 4:   Priority claims, pro rata.
   Level 5:   Secured claims, pro rata.
   Level 6:   Specially classified unsecured claims.
   Level 7:   General unsecured claims.
   Level 8:   Untimely filed unsecured claims to which the debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor(s). Claims filed after the bar date that are not properly served on the trustee will not be paid. The responsibility for reviewing the claims and objecting where appropriate rests with the debtor(s).


Dated: 6/1/17                    /s/ Vincent Rubino, Esq.
                                 Vincent Rubino, Esq., Attorney for Debtor(s)


                                 /s/ Alix Barthelemy
                                 ALIX BARTHELEMY

                                 /s/ Claire-lise Menard Barthelemy
                                 CLAIRE-LISE MENARD BARTHLEMEY

8